**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Toramana Yaftali, | No. CV-22-02157-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Aetna Resources LLC, | |
| Defendant. | |

Pending before the Court is Defendant Aetna Resources LLC's ("Aetna") Motion to Dismiss and Compel Arbitration (Doc. 18). For the following reasons, the Motion is granted.

## BACKGROUND

Plaintiff was employed by Defendant from September 8, 2008, until his last day of employment, December 1, 2021 (Doc. 18 at 11–12, 15). As part of his onboarding with Defendant, Plaintiff received certain standard documents for his review and signature, including the Aetna Employment Dispute Arbitration Program Acknowledgment ("Agreement"). (Doc 18 at 13). Plaintiff was alerted to the existence of the Agreement before he was hired in an offer letter from Defendant. (Doc. 18 at 15-16). The Agreement provided to Plaintiff states "[e]xcept as otherwise specified, all employment-related legal disputes between employees and [Defendant] will be submitted to and resolved by binding arbitration . . . ." (Doc. 18 at 18). It further states "[a] dispute as to whether this

[Agreement] applies must be submitted to the binding arbitration process set forth in this [Agreement]." (Doc. 18 at 6, 18). Plaintiff was also provided with a "questions and answers" sheet regarding the Agreement. (Doc. 18 at 20, 24). On September 8, 2008, Plaintiff acknowledged he read and agreed to the Agreement. (Doc. 18 at 26).

## DISCUSSION

Defendant asserts this matter must be dismissed pursuant to the Federal Arbitration Act ("FAA"). 9 U.S.C. §§ 1–14.

### I. Legal Standard

"The FAA broadly provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce 'shall be valid, irrevocable, and enforceable' except upon grounds that exist at common law for the revocation of a contract." *Kutner v. Emeritus Corp.*, No. CV-12-01682-PHX-GMS, 2012 WL 6049648, at *2 (D. Ariz. Dec. 5, 2012) (*citing* 9 U.S.C. § 2 (2006); *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113–19 (2001)). District courts have no discretion over valid arbitration agreements and must direct parties to such agreements to engage in arbitration. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations omitted). Accordingly, this Court must determine whether there is a valid arbitration agreement and whether that agreement covers the matter at hand. *Id.*

### II. Analysis

#### A. Validity.

The FAA states that arbitration provisions in contracts involving commerce are valid and enforceable unless the contract itself is invalid based on "such grounds as exist at law or in equity." 9 U.S.C. § 2. The Agreement is, thus, binding and enforceable if it involves commerce and is a valid contract under Arizona law. "Under Arizona law, the plaintiff bears the burden of proving the unenforceability of an arbitration provision, and the determination is made by the Court as a matter of law." *Edwards v. Nutrition*, No. CV-17-02133-PHX-DGC, 2018 WL 637382, at *4 (D. Ariz. Jan. 31, 2018) (*citing Maxwell v. Fid. Fin. Servs., Inc.*, 184 Ariz. 82, 87, 907 P.2d 51, 56 (Ariz. 1995)).

Arizona law requires contracts to have an offer, acceptance, and consideration. *Coup v. Scottsdale Plaza Resort, LLC*, 823 F.Supp.2d 931, 943 (D. Ariz. 2011) (*citing Savoca Masonry Co. v. Homes & Son Constr. Co.*, 112 Ariz. 392, 394, 542 P.2d 817, 819 (Ariz. 1975)). Mutuality in an arbitration agreement provides sufficient consideration in an Arizona contract because the agreement binds both parties. *See Kutner*, 2012 WL 6049648 at *3 (*citing Malcoff v. Coyier*, 14 Ariz. App. 524, 526, 484 P.2d 1053, 1055 (Ariz. Ct. App. 1971)). All three elements of a valid contract are present here. Defendant provided Plaintiff with the agreement through Plaintiff's online employee portal. (Doc. 18 at 13). Plaintiff accepted the terms of the Agreement. (Doc. 18 at 26). The Agreement was supported, at a minimum, by consideration in the form of mutuality. (Doc. 18 at 18-19). Since offer, acceptance, and consideration are met, the Agreement is valid unless Plaintiff shows a defense to enforcement or formation that negates its validity.

Plaintiff alleges that enforcement of the Agreement is contrary to public policy because this case is of public interest and allowing arbitration would keep the matter from the public eye. (Doc. 19 at 2–3). Non-enforcement of an otherwise valid contract based on public policy requires a plaintiff to show something greater and more specific than legitimate public interest. *See, e.g.*, *Landi v. Arkules*, 172 Ariz. 126, 133, 835 P.2d 458, 465 (Ariz. 1992) (holding contract was void because its terms violated express public policy set out by Arizona statute). Accordingly, the Agreement remains valid notwithstanding any legitimate public interest in this matter.[1]

### B. Applicability

With a valid agreement, the remaining question is whether this matter falls within the scope of the Agreement. The Agreement subjects "all employment-related legal

---

[1] Plaintiff also argues that the Agreement should not be enforced because it is contrary to the policy of the American Arbitration Association ("AAA"). (Doc. 19 at 3). Plaintiff's source is no longer available. The current version of that source does not take a position on whether a binding arbitration agreement can be a condition of employment. American Arbitration Association, Employment: Arbitration Rules and Mediation Procedures 7 (Jan. 1, 2023) (https://www.adr.org/sites/default/files/EmploymentRules-Web.pdf#:~:text=The%20Due%20Process%20Protocol%2C%20which%20was%20endorsed%20by,statutory%20disputes%2C%20provided%20there%20are%20due%20process%20safeguards). Most importantly, AAA's policies do not control the legal analysis of this Court.

disputes" to binding arbitration, including preliminary questions as to whether the Agreement applies to a particular matter. (Doc. 18 at 18). Arbitration agreements remain valid until a Plaintiff shows a particular provision is unenforceable, including provisions granting arbiters authority over preliminary questions of applicability. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72–76 (2010). Plaintiff has not made any such challenge.

Plaintiff asserts that his involvement in interstate commerce excludes his employment relationship with Defendant from the FAA altogether under the FAA's exclusion clause: "[N]othing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. This exclusion, however, "exempts from the FAA only contracts of employment of transportation workers." *Circuit City Stores, Inc.*, 532 U.S. at 119. Because Plaintiff was not employed as a transportation worker, he is not excluded under § 1 of the FAA.

## CONCLUSION

Plaintiff's complaint alleges Defendant violated Plaintiff's civil rights in the course of his employment. (Doc. 1-3 at 5-6). Under the terms of the Agreement, whether this is within the scope of the binding arbitration is a question for the arbiter. (Doc. 18 at 18–19). Because Plaintiff has not met his burden showing the Agreement is unenforceable, this Court is bound to dismiss this case and compel arbitration.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Compel Arbitration (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court terminate this matter.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** in light of the dismissal of this case, directing the Clerk of Court to terminate the pending Motion for Summary Judgment (Doc. 26) as moot.

Dated this 6th day of December, 2023.

_____
G. Murray Snow
Chief United States District Judge